## DAMBMAN V. BUTTERFIELD, appellant.

*Costs — on examination under Code, § 390 — Evidence — questions competent on such examination in action to set aside assignment for fraud.*

In a motion to strike out an answer for refusal by a party to answer questions put upon an examination before trial, under section 390 of the Code, the costs are in the discretion of the court, and the court does not lose its power to give costs to the moving party by reason of granting an order more favorable to the opposing party than the one sought.

Questions competent upon the trial of an action before the court at special term are competent on such an examination.

While a valid assignment for the benefit of creditors is not avoidable by the subsequent fraud or misconduct of the assignee, where the issue is upon the invalidity of the instrument itself for fraud, it is competent to show the disposition of the assigned property by the assignee as tending to throw light on such issue.

APPEAL from an order at special term directing defendant to answer certain questions propounded to him on his examination as a witness before trial under section 390 of the Code.

The action was brought by Christian F. A. Dambman against Frederick Butterfield and others, to set aside as fraudulent an assignment for the benefit of creditors made to the defendant Butterfield by the firm of De Forest, Armstrong & Co., the members of which firm were also made defendants.

Plaintiff obtained an order to examine Butterfield before trial.

On the refusal of Butterfield to answer certain questions, an order was obtained that he "answer such questions." Upon a further examination, Butterfield refused to answer other questions of like import, whereupon plaintiff obtained an order to show cause why Butterfield's answer should not be "stricken out for refusal to testify as directed by the court." This motion on the hearing thereof was not granted but it was "ordered that the defendant Butterfield answer the questions propounded to him on the examination and that he pay $10 costs of this motion to the plaintiff's attorney." From this order the appeal is taken.

Certain questions were asked upon the examination relating to transactions of the assignee under the assignment, of a similar nature to the following :

"Q. What is the sum total of money you received from bills receivable of De Forest, Armstrong & Co.? Q. What is the sum total you received from a sale of the goods assigned to you by De Forest, Armstrong & Co.?"

*A. J. Vanderpoel* and *A. Boardman*, for appellant, cited upon the question of the competency of the questions put to the witness, *Franklin* v. *Pinkney*, 18 Abb. 188, 190 ; *Gibson* v. *Pearsall*, 1 E. D. Smith, 90 ; *Greene* v. *Herder*, 7 Robt. 455 ; *Butler* v. *Viele*, 44 Barb. 169 ; Kerr on Fr. and Mistake, 365, and cases cited ; *James* v. *McKernon*, 6 Johns. 543, 565. Subsequent fraud of assignee does not avoid an assignment. *Wilson* v. *Forsyth*, 24 Barb. 105 ; *Hardman* v. *Bowen*, 39 N. Y. 200 ; *Casey* v. *Janes*, 37 id. 608 ; *Cuyler* v. *McCartney*, 40 id. 221 ; *Browning* v. *Hart*, 6 Barb. 91 ; *Cox* v. *Platt*, 32 id. 126; *Matthews* v. *Poultney*, 33 id. 127; *Pacific Mutual Ins. Co.* v. *Machado*, 16 Abb. 456 ; *American Exchange Bank* v. *Webb*, 15 How. 193.

*W. Watson*, for respondent.

DAVIS, P. J. The motion before the court was that the answer of defendant be stricken out for refusal to testify as directed by the court, or for such other or further relief as the court may see fit to grant. The costs of this motion, like all others, were in the discretion of the court, and although the court saw fit to make an order more favorable to the defendant than the one sought for it did not thereby lose its power to impose on him the costs of the motion.

Dambman v. Butterfield.

The questions propounded on the second examination were at least in one respect identical with those ruled upon by Mr. Justice DONOHUE, and were all substantially in the line of propriety, as marked out by his opinion. They would have been proper on a trial of the action at special term before the court, sitting in equity, and were therefore competent on the examination under the 190th section of the Code. It may be true that a valid assignment is not avoidable by the subsequent fraud, or misconduct of the assignee; but where the issue is upon the validity of the instrument itself, for fraud, it is competent to show the disposition of the assigned property by the assignee, as tending to throw light upon the alleged invalidity of the assignment. Especially is this so when the fraud alleged is that the preferences, to the assignee, are of fictitious debts, or of debts that had already been wholly or in part paid.

We think the questions were competent and that the order of the court below was proper, and should be affirmed, with costs.

BRADY, J., dissenting. The object of this action is to destroy the assignment made to the defendand Butterfield by DeForest, Armstrong & Co., and his examination should be confined to the issues created by the pleadings. The only question allowable of those objected to, in my understanding of these issues, is as follows: "What is the entire amount you had realized from the notes assigned you as collateral security for money borrowed at the time of the assignment?" It is alleged that the assignors were not indebted to defendant Butterfield, and it is admitted by the latter that he received collaterals for the loans made by him, which formed the indebtedness of the assignors. If he had received any sums from them at the time of the assignment they should have been deducted from the amount of his claim, and the omission to do it, if such omission were made, would be a circumstance to be considered in reference to the good faith of the instrument. This question seems to be answered substantially, however, by his statement. "I did not collect any thing from bills receivable I took from DeForest, Armstrong & Co. until after their assignment." And having received nothing until the time named, the fund to which they belonged was of the assigned estate and subject to an investigation in a proceeding against him to account. The other questions are properly connected with such a proceeding and have no legitimate bearing upon the issue, which must necessarily refer to the existing relations and objects in view at

the time of and prior to the execution of the assignment. There can be no doubt that if the assignment was valid in its creation, no subsequent acts could invalidate it, although they might furnish a reason for the removal of the assignee. The order made by Mr. Justice DONOHUE is not appealed from, and it is conclusive upon the defendant Butterfield so far as it applies; but the appeal from the order of Mr. Justice LAWRENCE, which we are considering, is "that the defendant Butterfield answer the questions propounded to him," and is in its nature an original order on the subject embraced within it, and, therefore, presents 'for review the propriety of the questions asked. I think that the order appealed from should be reversed.

*Order affirmed.*